**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ellen Krikorian, | No. CV-20-02274-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America, | |
| Defendant. | |

Pending before the Court is the parties' latest stipulation to extend Defendant's response deadline to the operative complaint in this action. (Doc. 18.) That request is granted. However, the text of the stipulation suggests that Defendant intends to respond to two separate amended complaints. That is not necessary or permissible, as this order explains.

## BACKGROUND

On October 29, 2020, *pro se* Plaintiff initiated this action in the Superior Court of Arizona in Maricopa County. (Doc. 1-3 at 2-7.) On November 23, 2020, Defendant removed the action to federal court. (Doc. 1.) On December 3, 2020, Defendant filed an answer. (Doc. 8.)

On December 21, 2020, Plaintiff filed a "Notice of Filing Amended Motion Pursuant to LRCiv 15.1(b), Civ.R.15 (a)(2) [sic]." (Doc. 9.) The document was docketed as a pending motion.

On January 4, 2021, Defendant responded that it did not oppose amendment. (Doc.

10.)

On January 5, 2021, the Court denied the motion as moot, noting that Plaintiff had Defendant's written consent to file a First Amended Complaint ("FAC") and allowing her the option of certifying that creating a redlined draft, pursuant to LRCiv 15.1, would be a hardship for her.  (Doc. 11.)

On January 14, 2021, Plaintiff filed a certification of hardship (Doc. 12) and the FAC (Doc. 13).

On January 28, 2021, the parties filed a stipulation to extend Defendant's deadline to respond to the FAC to February 26, 2021.  (Doc. 14.)  The Court granted the stipulation.  (Doc. 15.)

On February 10, 2021, Plaintiff filed a "Certified Notice," again certifying that creation of a redlined draft would be a hardship for her, (Doc. 17 at 1-2), along with a "Notice for the Second Amended Complaint" (*id.* at 3-5), a Second Amended Complaint ("SAC") (*id.* at 6-26), and various exhibits appended to the SAC (Docs. 17-1, 17-2, 17-3, 17-4, 17-5).

On February 23, 2021, the parties filed the pending "Stipulation for Extension of Time to Respond to the Second Amended Complaint," which states that "[g]ood cause exists for this extension, as Bank of America is in the process of responding to the First Amended Complaint, which is due on Friday, February 26, 2021, and therefore requires additional time to respond to the Second Amended Complaint."  (Doc. 18.)

**DISCUSSION**

When a plaintiff files an amended complaint, the previous complaint is generally treated as a nullity.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[T]he amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Although the *Forsyth* rule was overruled in part—that is, claims dismissed with prejudice and without leave to amend need not be repleaded in a subsequent amended complaint to be preserved on appeal—it remains true that when a plaintiff voluntarily amends the complaint, the previous complaint no longer has any force.  *Lacey v. Maricopa*

*Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).  In any event, there is never a need for a defendant to respond, in a district court proceeding, to a previous version of an amended complaint.  Indeed, if an amended complaint is filed after a defendant has moved to dismiss the previous iteration of the complaint, that motion is properly deemed moot.  *A.R.D. v. Kerry*, 2014 WL 12617410, *1 (D. Ariz. 2014) (denying motion to dismiss as moot after superseding amended complaint was filed).

Plaintiff's "Notice for the Second Amended Complaint" states that "[b]y law she is entitled to amend her original complaint," and Plaintiff seems to imply that this entitlement is somehow linked to her "autism" because it "affects her wording."  (Doc. 17 at 4.)  To clarify, the federal and local rules regarding amendment of a pleading are not altered by a *pro se* litigant's abilities.  The rules provide that a litigant may amend a pleading (including a complaint) once, as a matter of course, within a certain time frame.  Fed. R. Civ. P. 15(a)(1).  After the complaint has been amended once as a matter of course, or after the time frame expires, amendment is no longer available as an entitlement, and "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

In this case, the time frame for amending as a matter of course has expired, so Plaintiff is no longer "entitled" to file an amended complaint.  Plaintiff may amend her complaint only if (1) she obtains Defendant's written consent, or (2) she files a motion for leave to amend and the Court grants that motion.  *Id.*  At this point, the standard for granting leave to amend is quite liberal.[1]  "In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

---

[1] Eventually, in each case, a scheduling order issues which sets a deadline for amending pleadings.  Once that deadline elapses, the standard becomes less liberal—the scheduling order will be amended only for good cause.  However, the scheduling order has not even issued yet in this action.

Defendant's request for additional time to respond to the SAC indicates that Defendant intends to file a response of some sort—either an answer or a motion to dismiss—rather than challenging the propriety of Plaintiff's filing of the SAC. While this does not constitute the "written consent" Plaintiff would need to properly file the SAC without a motion for leave to amend, the Court will allow the SAC to stand as the operative complaint in this action in light of Defendant's apparent non-opposition, and in order to move this case forward without needless briefing.

Because the SAC is now the operative complaint, Defendant shall not respond to the FAC. Any allegations in the original complaint or the FAC which have not been repleaded in the SAC are not allegations to which Defendant must respond. To the extent that Defendant determines that, for whatever reason, responding to material not properly brought in the SAC is beneficial, such a response should be included as part of Defendant's response to the SAC.

Accordingly,

**IT IS ORDERED** that the Clerk of Court change the title of Doc. 17 on the docket to "Second Amended Complaint."

**IT IS FURTHER ORDERED** that the parties' stipulation (Doc. 18) is granted. The deadline for Defendant to respond to the SAC is extended to March 10, 2021. Defendant shall not separately respond to the FAC, which has been rendered a nullity.

**IT IS FURTHER ORDERED** that pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and this Order, Plaintiff may not file any additional amended complaints unless she first (1) obtains Defendant's written consent or (2) files a motion for leave to amend and is granted leave.

Dated this 24th day of February, 2021.

Dominic W. Lanza
United States District Judge