**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ellen Krikorian, | No. CV-20-02274-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America, | |
| Defendant. | |

Pending before the Court are Defendant's motion to dismiss the Second Amended Complaint ("SAC") (Doc. 17) with prejudice pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) (Doc. 22) and Plaintiff's motion for leave to file an affidavit (Doc. 27). For the following reasons, Plaintiff's motion is denied and Defendant's motion is granted in part and denied in part.

**PROCEDURAL HISTORY**

On October 29, 2020, *pro se* Plaintiff initiated this action in the Superior Court of Arizona in Maricopa County. (Doc. 1-3 at 2-7.) On November 23, 2020, Defendant removed the action to federal court. (Doc. 1.) On December 3, 2020, Defendant filed an answer. (Doc. 8.)

On January 14, 2021, Plaintiff filed the First Amended Complaint ("FAC") with Defendant's consent. (Doc. 13.)

On February 10, 2021, Plaintiff filed the SAC. (Doc. 17.) Although Plaintiff did not include Defendant's written consent to file the SAC, the parties filed a "Stipulation for

Extension of Time to Respond to the Second Amended Complaint" (Doc. 18), and the Court allowed the SAC to stand as the operative complaint in light of Defendant's apparent non-opposition (Doc. 20). Defendant filed an answer to the FAC after the SAC was filed (Doc. 19), which was but one of the many procedural irregularities in this action.[1]

On March 9, 2021, Plaintiff filed a motion requesting that the (already-filed) SAC be filed. (Doc. 23.)

On March 10, 2021, Defendant filed a motion to dismiss the SAC with prejudice pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). (Doc. 22.)

On March 15, 2021, the Court denied as moot Plaintiff's motion to file the already-filed SAC and ordered Plaintiff to respond to the pending motion to dismiss the SAC by March 24, 2021. (Doc. 24.)

On March 19, 2021, Plaintiff filed a 22-page brief entitled "Response to Defendant Answer to SAC." (Doc. 25.) The title of this brief, combined with the procedural irregularities in this action, rendered Plaintiff's intention ambiguous. Defendant did not file an answer to the SAC, and even if it had, the federal and local rules do not authorize a response or reply to an answer unless the Court orders one. Fed. R. Civ. P. 7(a)(7). Plaintiff may have intended this brief to be a response to Defendant's answer to the FAC, but, again, a response to an answer is not authorized in the absence of a court order. *Id.* On the other hand, Plaintiff may have intended the brief to be an oversized response to Defendant's motion to dismiss the SAC. Such a response was required by both the Court's local rules, LRCiv 7.2(i), and the Court's March 15, 2021 order, and therefore the Court finds it sensible to construe the brief as such.

On March 26, 2021, Defendant filed a reply in support of its motion to dismiss the SAC. (Doc. 26.)

On April 1, 2021, Plaintiff filed a motion (mistitled "Certificate of Service") requesting permission to file an "affidavit/affirmation in opposition to [D]efendant's

---

[1] The Court ordered Defendant not to separately respond to the FAC (Doc. 20), but unfortunately, the Court's order was in the process of being docketed when Defendant filed its answer. (Doc. 21.)

- 2 -

motion to dismiss Plaintiff's claims, to move the case forward." (Doc. 27.)

**DISCUSSION**

I.    <u>Plaintiff's Motion For Leave To File Affidavit</u>

Plaintiff appears to misunderstand the nature of a motion to dismiss for failure to state a claim pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of a claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." *City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) (quoting 5B Arthur R. Miller et al., *Federal Practice & Procedure* § 1356 (3d ed. 2020)). Thus, the Court generally does not consider materials outside the pleadings—with a few exceptions not relevant here, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)—such that an affidavit is not appropriate in response to a 12(b)(6) motion to dismiss. *See, e.g.*, *Johnson v. Wennes*, 2009 WL 506481, *1 (S.D. Cal. 2009). Therefore, Plaintiff's motion for leave to file an affidavit is denied.

II.    <u>Defendant's Motion To Dismiss The SAC With Prejudice</u>

**A.    Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* On the other hand, "[i]f the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then . . . the very prolixity of the complaint [makes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice).

**B. Analysis**

Far from being a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2), the SAC involves scattered, rambling statements—blending alleged facts, opinions, and legal conclusions without any cohesion or organizational structure, such that it is impossible to discern what happened. There is no way to determine what causes of action are being raised, or for what conduct. Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what [it] is being sued for." *McHenry*, 84 F.3d at 1178.

The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se

complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

Plaintiff's Third Amended Complaint ("TAC") must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the TAC must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the TAC shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

"[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).[2] Thus, Plaintiff's TAC must stand alone—that is to say, the TAC will supersede all previous complaints filed in this action, so it must be "complete in itself without reference to [any] superseded pleading," and Plaintiff is advised that the Court will consider only the allegations within the TAC. *Do-Nguyen v. Clinton*, 100 F. Supp. 2d 1241, 1243 n.2 (S.D. Cal. 2000).

Plaintiff is further advised that if the TAC fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to

---

[2] *Lacey* held that claims dismissed with prejudice and without leave to amend need not be realleged in an amended complaint to be preserved for appeal, *id.*, a circumstance not relevant here.

28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the TAC is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is again directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure. (See previous admonition at Doc. 16.)

The Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. The Clerk of Court shall file a Notice to Self-Represented Litigant with more information to aid Plaintiff.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to file an affidavit (Doc. 27) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (Doc. 22) is **granted**, in that Plaintiff's SAC is dismissed, but **denied** in that Plaintiff is granted leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's SAC (Doc. 17) is **dismissed** with leave to file an amended complaint by **April 30, 2021**. The amended complaint must adhere to LRCiv 7.1 and must follow the guidance provided in this order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a Notice to Self-Represented Litigant.

…

…

…

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **April 30, 2021**, the Clerk of Court shall terminate the action.

Dated this 8th day of April, 2021.

Dominic W. Lanza
United States District Judge