**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ellen Krikorian, | No. CV-20-02274-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America NA, | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss the Third Amended Complaint ("TAC") of *pro se* Plaintiff Ellen Krikorian. (Doc. 33.) For the following reasons, the motion is granted and the TAC is dismissed without leave to amend.

**RELEVANT BACKGROUND**

On April 9, 2021, the Court granted Defendant's motion to dismiss the Second Amended Complaint ("SAC"). (Doc. 28.) The Court explained: "There is no way to determine what causes of action are being raised, or for what conduct. Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what [it] is being sued for." (*Id*. at 4 [citing *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)]). The Court granted leave to amend and set forth specific requirements for the TAC:

> Plaintiff's [TAC] must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the TAC must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the TAC shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim, and a good faith demand for the

relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

"[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, Plaintiff's TAC must stand alone—that is to say, the TAC will supersede all previous complaints filed in this action, so it must be "complete in itself without reference to [any] superseded pleading," and Plaintiff is advised that the Court will consider only the allegations within the TAC. *Do-Nguyen v. Clinton*, 100 F. Supp. 2d 1241, 1243 n.2 (S.D. Cal. 2000).

Plaintiff is further advised that if the TAC fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the TAC is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is again directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure. (See previous admonition at Doc. 16.)

(*Id.* at 5-6.)

On April 27, 2021, Plaintiff filed the TAC. (Doc. 31.)

On May 11, 2021, Defendant filed a motion to dismiss the TAC pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 33.) The motion is now fully briefed. (Docs. 36, 37.)[1]

## DISCUSSION

Although it's clear that Plaintiff made a sincere effort to comply with the Court's guidance following the dismissal of the SAC, there is still no way to tell what the claims are, or what facts support them. The TAC simply does not establish *what happened* that

---

[1]   Plaintiff filed a sur-reply without leave (Doc. 38), which the Court will not consider.

could give rise to liability. As one illustrative example, one of the TAC's allegations, offered in bold font, is: "The claims should be continuing the course of the civil action till a demand is reach a makeup from the Bank of America's wrongdoing toward Plaintiff." (Doc. 31 at 5.) The TAC also contains legal citations unaccompanied by any reasoned explanation, such as Plaintiff's citation (seemingly with approval) of "*Plessy v. Ferguson* (18 May 1896), *Lochner v. New York* (17 Apr 1905)." (Doc. 31 at 3.) As Defendant correctly notes, the TAC is essentially a "fragmented and confusing collection of legal buzzwords, legal conclusions, and nebulous allegations." (Doc. 33 at 5.) Dismissal is required under these circumstances.

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). The Court concludes with absolute clarity, in light of Plaintiff's inability to comply with the very detailed instructions that were provided following the dismissal of the SAC, that Plaintiff would not be able to cure the deficiencies if given yet another opportunity to amend. *Ascon Props., Inc. v. Mobil Oil. Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). Thus, the Court will dismiss the TAC without leave to amend.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss the TAC (Doc. 33) is **granted**. The TAC is dismissed with prejudice and without leave to amend. The Clerk of Court is directed to enter judgment and terminate this action.

Dated this 5th day of August, 2021.

_____
Dominic W. Lanza
United States District Judge